IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Michael Flowers and Marinda Flowers, ) | Case No. 22-10808-JDL |
| ) | Chapter 13 |
| Debtors. ) | |

**BONDA, LLC'S MOTION WITH SUPPORTING BRIEF
FOR ORDER LIFTING THE AUTOMATIC STAY**

Movant, Bonda, LLC ("Bonda"), a creditor in this Chapter 13 Bankruptcy Case, pursuant to 11 U.S.C. §362 moves that this Court issue an order lifting the automatic stay to allow Bonda to pursue its claims for embezzlement, fraud (actual and constructive), breach of fiduciary duty, and punitive damages against Michael Flowers and Marinda Flowers ("Debtors"), d/b/a Flowers Realty Services in the Oklahoma County District Court, Case No. CJ-2022-550. This Bankruptcy Court has adequate power to control a "stay lifting" proceeding, both through its ability to find "cause" for lifting the stay, and through its statutory powers to impose conditions upon those who wish to keep the stay, aimed at holding moving party harmless. **11 U.S.C.§362(d)(1); In re Lopez-Soto,** C.A.1 (Puerto Rico) 1985, 764 F.2d 23.

**BRIEF IN SUPPORT**

Whether or not a the automatic stay should be lifted rests in the sound discretion of the bankruptcy court. A bankruptcy court's decision to grant or deny a relief of stay is reviewed for abuse of discretion. **See In re Prozio,** D. Conn.2020, 622 B.R. 134; **In re Old Cold, LLC,** 1st Cir.BAP (N.H.) 2019, 602 B.R. 798. A bankruptcy court has broad discretion to lift the automatic stay in appropriate circumstances. **Capital Communications Federal Credit Union v. Boodrow**, N.D.N.Y. 1996, 197 B.R. 409, affirmed **Capital Communications Federal Credit Union v.**

1

**Boodrow,** 126 F.3d 4, 159 A.L.R. Fed. 799. Bankruptcy courts have found "cause" to lift an automatic stay to allow a state court with concurrent jurisdiction to resolve issues of state law, such as whether debtor has committed fraud or involving issues of property held in trust. **See In re Marques**, 547 B.R. 841 (2016) (Bkcy. C.D. Cal.). Creditors that were currently involved in arbitration clauses to establish debtor's liability to creditors on theory of fraud were entitled to relief of stay to pursue securities fraud claim. **In re Weinstein**, 234 B.R. 862 (1999) (Bkcy. E.D.N.Y.).

In this case, Bonda has a case pending before the Oklahoma County District Court, Case No. CJ-2022-550, which existed at the time Debtors filed this Chapter 13 Bankruptcy Case. Bonda has claims for embezzlement, fraud (actual and constructive), breach of fiduciary duty, breach of contract, and punitive damages. The principal amount of Bonda's claims against Debtors is $18,250.00, in addition to the claims for fraud, breach of fiduciary duty, and punitive damages. Bonda is asking this Court to grant relief from the automatic stay to allow Bonda to adjudicate its claims against Debtors in the state court action.

In support of this Motion, Bonda respectfully submits the following:

1. Michael Flowers and Marinda Flowers ("Debtors") filed their voluntary petition with this Bankruptcy Court on April 25, 2022 for relief under Chapter 13 of the Bankruptcy Code [Doc: 1].

2. This motion is filed pursuant to Bankruptcy Rules 4001(a) and 9014, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 1471, and 11 U.S.C. §§362 and 552.

3. Bonda, is a limited liability company, organized, existing, and in good standing under the laws of the State of Oklahoma. Bonda's principal place of business is located in Oklahoma County, State of Oklahoma.

4. Debtors, at all relevant times, have been residents of Oklahoma City, Oklahoma County, Oklahoma.

5. Bonda is the owner of multiple residential rental properties. Bonda and Debtors, d/b/a Flowers Realty Services, entered into a Management Agreement, dated May 01, 2020, under which Debtors, through their business tradename, agreed to perform leasing functions and to manage residential properties owned by Bonda.

6. Debtors' duties to Bonda under the Management Agreement involved depositing funds received from tenants (i.e. security deposits and pet deposits) to be held in trust in an escrow/trust account owned and managed by Debtors, separate from the Debtors' own funds, as security deposits, pet deposits, and other deposits, as required by the Oklahoma Residential Landlord and Tenant Act, 41 Okla. Stat. §101, et seq., specifically 41 Okla. Stat. §115(A).

7. The Management Agreement between Bonda and Debtors created a fiduciary relationship, and Debtors owed a fiduciary duty to Bonda with respect to the tenant funds deposited into Debtors' escrow/trust account to be held in trust for the tenants.

8. Without notice to or authorization from Bonda, Debtors illegally and wrongfully took funds from Debtors' escrow/trust account which were security deposits, pet deposits, and other deposits made by tenants of Bonda, and Debtors converted the funds to their own personal use, or to a use other than the intended purpose for the funds. In a letter, dated February 09, 2021, Debtors admitted that the tenant trust funds were taken.

9. By illegally taking the funds from the escrow/trust account, Debtors have damaged Bonda, and placed Bonda at risk of claims from any tenant whose funds were converted by Debtors to their own personal use, or to a use other than the intended purpose of the funds.

10. Debtors committed fraud (actual and constructive), embezzlement, and/or larceny while in a fiduciary capacity by illegally taking the funds and by failing to turn over the funds to Bonda.

11. Debtors violated specifically the terms of the Management Agreement and removed funds out of escrow/trust without notifying Bonda in violation of civil and criminal statutes pursuant to the laws of the State of Oklahoma.

12. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Bonda **does not** consent to entry of final orders or judgment by the bankruptcy court concerning dischargeability of the debt owed to Bonda, until the claims Bonda has asserted against Debtors are finally determined by the Oklahoma County District Court. The basis for Bonda's non-consent is that, on February 07, 2022, Bonda filed a lawsuit in the Oklahoma County District Court, State of Oklahoma (Case No. CJ-2022-550), alleging that Debtors have committed fraud, embezzlement, and/or larceny while acting in a fiduciary capacity. The state court action is still pending, but has been put on hold due to Debtors' filing of their Chapter 13 Bankruptcy Case, which activated the automatic stay, pursuant to 11 U.S.C. §362. Bonda believes that the issues alleged in the state court case should be tried in the Oklahoma County District Court. Once the proceedings in the state court case have concluded, Bonda will notify the bankruptcy court of the results of the case so the bankruptcy court can rule on the dischargeability of the debt owed by Debtors to Bonda. Simultaneously with filing this Motion for Order Lifting the Automatic Stay, Bonda has filed an Objection to Chapter 13 Plan

and Complaint to Determine Dischargeability of Debt, Bonda is filing a Motion for Relief from the Automatic Stay, requesting that this Court lift the automatic stay to allow Bonda to resume its state court action against Debtors in the Oklahoma County District Court.

WHEREFORE, Bonda, LLC requests an order from this Bankruptcy Court lifting the automatic stay in this matter to allow Bonda to resume prosecution of its state court claims in Oklahoma County District Court, Case No. CJ-2022-550. After Bonda's claims are determined in the Oklahoma County District Court, Bonda will notify this Bankruptcy Court of the results of the state court case and request that this Bankruptcy Court determine the dischargeability of the Flowers debt owed to Bonda. Bonda also requests that this Bankruptcy Court waive the 14-day stay prescribed by Federal Rule of Bankruptcy Procedure 4001(a)(3).

## **NOTICE**

NOTICE IS HEREBY GIVEN THAT, UNLESS AN OBJECTION TO THIS MOTION IS FILED IN WRITING AND SERVED ON THE UNDERSIGNED COUNSEL FOR MOVANT, BONDA, LLC WITHIN EIGHTEEN (18) DAYS FROM THE DATE OF THIS MOTION, FOLLOWING EXPIRATION OF THE EIGHTEEN (18) DAY PERIOD, MOVANT INTENDS TO SUBMIT TO THIS COURT, WITHOUT FURTHER NOTICE, AN ORDER THAT THE AUTOMATIC STAY SHALL BE LIFTED.

Respectfully submitted,

/s/ Charles E. Wetsel
Charles E. Wetsel, OBA #12035
Cody D. Kerns, OBA #34697
TEAGUE & WETSEL, PLLC
1741 West 33rd Street, Suite 120
Edmond, Oklahoma 73013
Telephone:   (405) 285-9200
Telecopier:   (405) 509-2362 (direct)
cwetsel@teaguewetsel.com
ckerns@teaguewetsel.com
*Attorneys for Movant,*
*Bonda, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on June 01, 2022, I electronically transmitted this document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Ryan J. Assink on behalf of Creditor BOKF, N.A., d/b/a Bank of Oklahoma
rassink@riggsabney.com

O. Clifton Gooding on behalf of Debtor Michael O. Flowers
cgooding@goodingfirm.com,
notices@goodingfirm.com;brandi@goodingfirm.com;ocgood@aol.com;astuteville@goodingfirm.com;angelanotices@gmail.com;mtoffoli@goodingfirm.com;tosha@goodingfirm.com

O. Clifton Gooding on behalf of Joint Debtor Marinda L. Flowers
cgooding@goodingfirm.com,
notices@goodingfirm.com;brandi@goodingfirm.com;ocgood@aol.com;astuteville@goodingfirm.com;angelanotices@gmail.com;mtoffoli@goodingfirm.com;tosha@goodingfirm.com

John T. Hardeman
13trustee@chp13okc.com, trustee@chp13okc.com

United States Trustee
Ustpregion20.oc.ecf@usdoj.gov

/s/ Charles E. Wetsel

I certify that on June 01, 2022 I also served this document by first-class mail to all counsel who have entered an appearance in this matter, and to all parties listed on the attached mailing matrix prepared by Debtor(s) who are **not** ECF registrants.

Ally Bank
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

/s/ Charles E. Wetsel