IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Michael Flowers and Marinda Flowers, ) | Case No. 22-10808-JDL |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | |
| _____ ) | |
| ) | |
| Bonda, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ADV. No. _____ |
| ) | |
| Michael Flowers and ) | |
| Marinda Flowers, d/b/a ) | |
| Flowers Realty Services, ) | |
| ) | |
| Defendants. ) | |

**BONDA, LLC'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN; AND
AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Pursuant to Rule 4007 of the Federal Rules of Bankruptcy Procedure, Plaintiff/Creditor, Bonda, LLC ("Bonda"), a creditor in this case, alleges the following in support of its Objection to Michael Flowers and Marinda Flowers, Debtors, Chapter 13 Plan; and Complaint to Determine Dischargeability of Debt.

**INTRODUCTION**

This Objection to Debtors' Chapter 13 Plan is timely, as it is filed by the deadline for objecting to the Chapter 13 Plan, as stated in Section 8 of the Notice of Chapter 13 Bankruptcy Case [Doc: 7]. This Compliant to Determine Dischargeability of Debt is timely, as it is filed within 60 days after the first date set for the meeting of the creditors in this action under 11 U.S.C. §341(a),

1

and according to the deadline for objecting to discharge, as stated in Section 8 of the Notice of Chapter 13 Bankruptcy Case [Doc: 7].

Debtors, Michael Flowers and Marinda Flowers ("Debtors"), who conducted business as Flowers Realty Services, cannot be allowed discharge of the debt they owe to Bonda. Debtors embezzled $18,250.00 USD or otherwise fraudulently took funds (tenant deposits rightfully owned by tenants) held in trust by Debtors in a fiduciary capacity. Debtors are prohibited from discharging the debt they owe to Bonda under 11 U.S.C. §§523(a)(4). Bonda has additional claims against Debtors for fraud (actual and constructive) and punitive damages. **See** Oklahoma County District Court, Case No. CJ-2022-550.

## JURISDICTION AND VENUE

1. Debtors filed their voluntary petition with this Bankruptcy Court on April 25, 2022 for relief under Chapter 13 of the Bankruptcy Code [Doc: 1].

2. The date set for filing objections to confirmation to the Chapter 13 Plan is June 09, 2022 (i.e. 7 days prior to the hearing on confirmation of the Chapter 13 Plan), as stated in Section 8 of the Notice of Chapter 13 Bankruptcy Case [Doc: 7].

3. The deadline for filing objections to discharge is August 15, 2022, as stated in Section 8 of the Notice of Chapter 13 Bankruptcy Case [Doc: 7].

4. This Court has jurisdiction of this core matter pursuant to Title 28 U.S.C. §§1334, 1408 and 1409.

5. Bonda, is a limited liability company, organized, existing, and in good standing under the laws of the State of Oklahoma. Bonda's principal place of business is located in Oklahoma County, State of Oklahoma.

6. Debtors, at all relevant times, have been residents of Oklahoma City, Oklahoma County, Oklahoma.

7. This objection to the Chapter 13 Plan and adversary proceeding is brought pursuant to 11 U.S.C. §523(a)(4) and 11 U.S.C. §1328(a)(2) and (c)(2).

8. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Bonda **does not** consent to entry of final orders or judgment by the bankruptcy court concerning dischargeability of the debt owed to Bonda, until the claims Bonda has asserted against Debtors are finally determined by the Oklahoma County District Court. The basis for Bonda's non-consent is that, on February 07, 2022, Bonda filed a lawsuit in the Oklahoma County District Court, State of Oklahoma (Case No. CJ-2022-550), alleging that Debtors have committed fraud, embezzlement, and/or larceny while acting in a fiduciary capacity. The state court action is still pending, but has been put on hold due to Debtors' filing of their Chapter 13 Bankruptcy Case, which activated the automatic stay, pursuant to 11 U.S.C. §362. Bonda believes that the issues alleged in the state court case should be tried in the Oklahoma County District Court, which may be presented in a jury trial. Once the proceedings in the state court case have concluded, Bonda will notify the bankruptcy court of the results of the case so the bankruptcy court can rule on the dischargeability of the debt owed by Debtors to Bonda. Simultaneously with filing this Objection to Chapter 13 Plan and Complaint to Determine Dischargeability of Debt, Bonda is filing a Motion for Relief from the Automatic Stay, requesting that this Court lift the automatic stay to allow Bonda to resume its state court action against Debtors in the Oklahoma County District Court.

## ALLEGATIONS ON CLAIMS

9.      Bonda is the owner of multiple residential rental properties. Bonda and Debtors, d/b/a Flowers Realty Services, entered into a Management Agreement, dated May 01, 2020, under which Debtors, through their business tradename, agreed to perform leasing functions and to manage residential properties owned by Bonda.

10.     Debtors' duties to Bonda under the Management Agreement involved depositing funds received from tenants (i.e. security deposits and pet deposits) to be held in trust in an escrow/trust account owned and managed by Debtors, separate from the Debtors' own funds, as security deposits, pet deposits, and other deposits, as required by the Oklahoma Residential Landlord and Tenant Act, 41 Okla. Stat. §101, et seq., specifically, 41 Okla. Stat. §115(A).

11.     The Management Agreement between Bonda and Debtors created a fiduciary relationship, and Debtors owed a fiduciary duty to Bonda with respect to the tenant funds deposited into Debtors' escrow/trust account to be held in trust for the tenants.

12.     Without notice to or authorization from Bonda, Debtors illegally and wrongfully took funds from Debtors' escrow/trust account which were security deposits, pet deposits, and other deposits made by tenants of Bonda, and Debtors converted the funds to their own personal use, or to a use other than the intended purpose for the funds. In a letter, dated February 09, 2021, Debtors admitted that the tenant trust funds were taken.

13.     By illegally taking the funds from the escrow/trust account, Debtors have damaged Bonda, and placed Bonda at risk of claims from any tenant whose funds were converted by Debtors to their own personal use, or to a use other than the intended purpose of the funds.

14. Debtors committed fraud (actual and constructive), embezzlement, and/or larceny while in a fiduciary capacity by illegally taking the funds and by failing to turn over the funds to Bonda.

15. Debtors violated specifically the terms of the Management Agreement and removed funds out of escrow/trust without notifying Bonda in violation of civil and criminal statutes pursuant to the laws of the State of Oklahoma.

16. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Bonda **does not** consent to entry of final orders or judgment by the bankruptcy court concerning dischargeability of the debt owed to Bonda, until the claims Bonda has asserted against Debtors are finally determined by the Oklahoma County District Court. The basis for Bonda's non-consent is that, on February 07, 2022, Bonda filed a lawsuit in the Oklahoma County District Court, State of Oklahoma (Case No. CJ-2022-550), alleging that Debtors have committed fraud, embezzlement, and/or larceny while acting in a fiduciary capacity. The state court action is still pending, but has been put on hold due to Debtors' filing of their Chapter 13 Bankruptcy Case, which activated the automatic stay, pursuant to 11 U.S.C. §362. Bonda believes that the issues alleged in the state court case should be tried in the Oklahoma County District Court. Once the proceedings in the state court case have concluded, Bonda will notify the bankruptcy court of the results of the case so the bankruptcy court can rule on the dischargeability of the debt owed by Debtors to Bonda. Simultaneously with filing this Objection to Chapter 13 Plan and Complaint to Determine Dischargeability of Debt, Bonda is filing a Motion for Relief from the Automatic Stay, requesting that this Court lift the automatic stay to allow Bonda to resume its state court action against Debtors in the Oklahoma County District Court.

**WHEREFORE**, Bonda demands judgment against Michael Flowers and Marinda Flowers, d/b/a Flowers Realty Services, as follows:

1. Determination by this Court that the debt owed to Bonda by Debtors, which is the subject of the state court action in Oklahoma County District Court, Case No. CJ-2022-550, is non-dischargeable.

2. Determination that the debt, in the amount determined by the Oklahoma County District Court, is excepted from discharge in Debtors' bankruptcy proceeding until paid in full, together with all attorney fees and costs incurred by Bonda as a result of filing this adversary proceeding and the state court case;

3. Interest on the amount owed by Debtors at the statutory rate of 6.00%, as provided by 15 Okla. Stat. §266; and

4. Any and all other relief which this Court deems just and proper, and which Bonda is entitled to receive.

/s/ Charles E. Wetsel
Charles E. Wetsel, OBA #12035
Cody D. Kerns, OBA #34697
TEAGUE & WETSEL, PLLC
1741 West 33rd Street, Suite 120
Edmond, Oklahoma 73013
Telephone:    (405) 285-9200
Telecopier:   (405) 509-2362 (direct)
cwetsel@teaguewetsel.com
ckerns@teaguewetsel.com
Attorneys for Plaintiff/Creditor,
Bonda, LLC

# CERTIFICATE OF SERVICE

I certify that on June 01, 2022, I electronically transmitted this document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Court Clerk will transmit a Notice of Electronic Filing to the following ECF registrants:

Ryan J. Assink on behalf of Creditor BOKF, N.A., d/b/a Bank of Oklahoma
rassink@riggsabney.com

O. Clifton Gooding on behalf of Debtor Michael O. Flowers
cgooding@goodingfirm.com,
notices@goodingfirm.com;brandi@goodingfirm.com;ocgood@aol.com;astuteville@goodingfirm.com;angelanotices@gmail.com;mtoffoli@goodingfirm.com;tosha@goodingfirm.com

O. Clifton Gooding on behalf of Joint Debtor Marinda L. Flowers
cgooding@goodingfirm.com,
notices@goodingfirm.com;brandi@goodingfirm.com;ocgood@aol.com;astuteville@goodingfirm.com;angelanotices@gmail.com;mtoffoli@goodingfirm.com;tosha@goodingfirm.com

John T. Hardeman
13trustee@chp13okc.com, trustee@chp13okc.com

United States Trustee
Ustpregion20.oc.ecf@usdoj.gov

/s/ Charles E. Wetsel

I certify that on June 01, 2022 I also served this document by first-class mail to all counsel who have entered an appearance in this matter, and to all parties listed on the attached mailing matrix prepared by Debtors who are **not** ECF registrants.

Ally Bank
c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

/s/ Charles E. Wetsel

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1087-5<br>Case 22-10808<br>Western District of Oklahoma<br>Oklahoma City<br>Thu Jun  2 10:53:26 CDT 2022 | Ally Bank, c/o AIS Portfolio Services, LP<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | BOKF, N.A., d/b/a Bank of Oklahoma<br>c/o Ryan J. Assink, Esquire<br>Riggs, Abney<br>502 W. 6th Street<br>Tulsa, OK 74119-1016 |
| Bonda, LLC<br>3800 Windover Drive<br>Edmond, OK 73013-6964 | Oklahoma Employment Security Commission<br>PO Box 53039<br>Oklahoma City, OK 73152-3039 | (p)OKLAHOMA TAX COMMISSION<br>GENERAL COUNSEL S OFFICE<br>100 N BROADWAY AVE SUITE 1500<br>OKLAHOMA CITY OK 73102-8601 |
| USBC Western District of Oklahoma<br>215 Dean A. McGee<br>Oklahoma City, OK 73102-3426 | Ally Financial<br>Attn: Bankruptcy<br>PO Box 380901<br>Bloomington, MN 55438-0901 | Amex<br>Correspondence/Bankruptcy<br>PO Box 981540<br>El Paso, TX 79998-1540 |
| BOKF, N.A.<br>Attn: David Cummings<br>7060 South Yale, Suite 200<br>Tulsa, OK 74136-5721 | Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Circle<br>Tampa, FL 33634-2413 | Bank of Oklahoma Mortgage<br>Attn: Bankruptcy<br>7060 S Yale St<br>Tulsa, OK 74136-5721 |
| Bonda, LLC<br>c/o Charles E. Wetsel<br>Teague & Wetsel, PLLC<br>1741 West 33rd Street, Suite 120<br>Edmond, OK 73013-3838 | CenterPoint Energy<br>Attn: Bankruptcy<br>PO Box 4981<br>Houston, TX 77210-4981 | Citi/Sears<br>Citibank/Centralized Bankruptcy<br>PO Box 790034<br>St Louis, MO 63179-0034 |
| Citibank<br>Attn: Bankruptcy<br>P.O. Box 790034<br>St Louis, MO 63179-0034 | Credit First National Association<br>Attn: Bankruptcy<br>PO Box 81315<br>Cleveland, OH 44181-0315 | Fed Loan Service<br>PO Box 60610<br>Harrisburg, PA 17106-0610 |
| HUD<br>451 Seventh Street SW<br>Washington, DC 20401-0001 | IRS<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | MERCY HEALTH<br>PO BOX 1123<br>MINNEAPOLIS, MN 55440-1123 |
| Oklahoma Tax Commission<br>Attn: Legal Bankruptcy<br>PO Box 269056<br>Oklahoma City, OK 73126-9056 | Syncb/Mathia Brothers<br>Attn: Bankruptcy<br>PO Box 965060<br>Orlando, FL 32896-5060 | The Gooding Law Firm, P.C.<br>204 N. Robinson Avenue, Suite 1235<br>Oklahoma City, Oklahoma 73102-6803 |
| U.S. Department of Housing and Urban Develop<br>307 W. 7th St., Suite 1000<br>Fort Worth, TX 76102-5108 | United States Trustee<br>United States Trustee<br>215 Dean A. McGee Ave., 4th Floor<br>Oklahoma City, OK 73102-3479 | John T. Hardeman<br>PO Box 1948<br>Oklahoma City, OK 73101-1948 |
| Marinda L. Flowers<br>15228 Claremont Blvd.<br>Edmond, OK 73013-1124 | Michael O. Flowers<br>15228 Claremont Blvd.<br>Edmond, OK 73013-1124 | O. Clifton Gooding<br>The Gooding Law Firm<br>204 N Robinson Avenue<br>Suite 1235<br>Oklahoma City, OK 73102-6803 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Oklahoma Tax Commission
Legal Division
120 N Robinson Suite 2000W
Oklahoma City, OK 73102-7801

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Ally Bank c/o AIS Portfolio Services, LP
4515 N. Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

End of Label Matrix
Mailable recipients    29
Bypassed recipients     1
Total                  30