IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:

**Michael O Flowers**,
**Marinda L Flowers,**

Debtors.

Case No. 22-10808-JDL
Chapter 13

**Limited Objection to Amended Motion for Order Lifting the Automatic Stay with Brief in Support, Certificate of Service, and Notice of Hearing**

John Hardeman, Trustee, objects to Bonda, LLC being granted relief from the automatic stay and requests that Bonda, LLC's relief be limited to determining liability and damages. Bonda, LLC asserts a claim against the Debtors for $18,250.00 in addition to claims for fraud, breach of fiduciary duty, and punitive damages. The Trustee does not have a position on which court should determine the validity and the amount of Debtors' liability to Bonda. However, the Trustee opposes Bonda, LLC being allowed to collect its claim outside of the plan.

Bonda, LLC's claim is a prepetition claim and Bonda will be bound by the confirmed plan as are all the other creditors in this case.[1] In addition, due to the all-encompassing nature of the bankruptcy estate there is little practical ability for Bonda to collect a judgment without collecting from the assets of the bankruptcy estate.[2] The only basis for Bonda's motion for relief is that it wants to continue litigation in state court where it has already begun. Had Bonda already obtained a judgment in its state court action, Bonda would not have any grounds or need to seek relief from the automatic stay. The Trustee sees no reason the Court should permit Bonda to collect on its prepetition claim outside of the plan where it could potentially collect more than the other general unsecured creditors.

---

[1] 11 U.S.C. § 1327
[2] See 11 U.S.C. §§ 541 & 1306

While Bonda's allegations against the Debtors are serious, Bonda's claim is a general-unsecured claim. Even if Bonda prevails on its adversary proceeding and its claim is determined to be nondischargeable, nondischargeability alone is not grounds to treat Bonda differently than the other general-unsecured creditors.[3] And Bonda would not be harmed by its claim being paid through the plan. If its claim is determined to be nondischargeable and not paid in full through the plan, Bonda will still be permitted to collect any amount still owed on its judgment after the plan is completed and the Flowers' other creditors discharged.

Granting Bonda, LLC permission to litigate and pursue the Debtors outside of the bankruptcy will create the risk of future issues between the Trustee and Bonda. The Bankruptcy Code attempts to treat similarly situated creditors equally. Bonda should not be permitted to circumvent 11 U.S.C. § 1322(b)(1) by collecting its claim outside the plan. The Trustee does not have a position on which court should determine Mr. & Ms. Flowers liability to Bonda, LLC. However, the Trustee requests that, if the Court grants Bonda relief from the automatic stay, the Court limit Bonda's relief to determining liability and damages only.

Respectfully,
s/David S. Burge
David S. Burge, OBA # 31505
321 Dean A. McGee
P.O. Box 1948
Oklahoma City, OK  73101-1948
13trustee@chp13okc.com
(405) 236-4843
(405) 236-1004 (fax)
Attorney for Trustee

---

[3] *In re Taylor*, 137 B.R. 60, 61 (Bankr. W.D. Okla. 1992) (The nondischargeable nature of student loans was not sufficiently cause to discriminate against other general-unsecured creditors.)

## Certificate of Service

This is to certify that on June 13, 2022, a true and correct copy of the foregoing instrument was served by U.S. Mail, postage prepaid, on the following:

Michael O Flowers
Marinda L Flowers
15228 Claremont Blvd
Edmond, OK 73013

                                                                                                   s/David S. Burge
                                                                                                   David S. Burge, OBA # 31505

## Notice of Hearing

Notice is hereby given that a hearing on the Amended Motion for Relief from Stay [Doc. 25] will be held before the Honorable Janice Loyd on June 28, 2022, at 2:00 p.m. in the second-floor courtroom of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102.